**FENGYI CHEN, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 12-72013

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

Fengyi Chen, Pro Se

Nancy Canter, Trial Attorney, Patrick James Glen, Esquire, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Fengyi Chen, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act. *Ren v. Holder*, 648 F.3d 1079, 1083, 1089-91 (9th Cir. 2011). We dismiss in part and deny in part the petition for review.

We do not consider the materials Chen references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955 (9th Cir. 1996).

We lack jurisdiction to consider Chen's contention regarding China's "exit laws," because he did not raise it to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the BIA's conclusion that Chen did not sufficiently corroborate his claim. *See Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009) (record did not compel the conclusion that petitioner's corroborative evidence satisfied his burden of proof). Thus, we deny the petition for review as to Chen's asylum and withholding of removal claims. *See id.* at 1046-47.

Substantial evidence supports the BIA's denial of Chen's CAT claim because he failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.